IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRES BASURTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 3:11-cv-1003-M |
| v. | § | |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Before the Court is Plaintiff Andres Basurto's Motion to Remand [Docket Entry #6]. For the reasons stated below, the Motion to Remand is **GRANTED,** but Plaintiff's claim for costs and fees is **DENIED.**

## BACKGROUND

In February 2000, Plaintiff Andres Basurto ("Basurto") executed a note and deed of trust to purchase real property in Irving, Texas. CitiMortgage, Inc. ( "Citi") became the servicer of the note. A series of financial interactions between Basurto and Citi from 2009 to 2011 resulted in the foreclosure of the deed of trust on Basurto's property.

On April 29, 2011, Plaintiff filed a petition in state court, alleging that Citi wrongfully charged his account, failed to credit his account for fees it improperly applied, made unlawful demands for payment, improperly appointed a substitute trustee under the deed of trust, and deliberately or negligently delayed Basurto's efforts to modify the loan terms.

Based on these allegations, Basurto advanced a variety of state law claims against Citi— breach of contract, violations of the Texas Debt Collection Practices Act, and negligent misrepresentation. Citi removed the case to federal court based on the alleged existence of a

federal question.  Basurto has now moved to remand, arguing that there is no federal question, which is the only basis for removal.

Citi urges that Basurto's suit involves a federal question because the Petition twice references 12 U.S.C. § 2605(e), the federal Real Estate Settlement Procedures Act ("RESPA"). In paragraph 22 of his Petition, Basurto alleges that "[a]ll of such demands for payment made by Citi were made unlawfully and in violation of applicable state, and federal statutes, in particular Section 2605(e), Title 12, USCA."  Basurto's second mention of RESPA is in the prayer for relief, where he demands the "[d]efendant be ordered to render an accounting to Plaintiff of the amounts paid and owed pursuant to the Real Estate Settlement and Procedure Act (12 U.S.C. § 2605(e))."

Basurto insists that each cause of action he asserts arises under state law, and that no federal statute is listed in those portions of the Petition which enumerate causes of action.

## ANALYSIS

A federal question exists "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).  The well-pleaded complaint rule marks "the boundaries of federal question jurisdiction." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). This rule "applies [equally] to the original jurisdiction of the district courts as well as to their removal jurisdiction." *Vaden v. Discover Bank,* 129 S.Ct. 1262, 1272  (2009) (quoting *Franchise Tax Bd.*, 463 U.S. at 10–11).  Ambiguities are resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.,* 276 F.3d 720, 723 (5th Cir. 2002).

Federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 § U.S.C. 1331.  Generally, the well-pleaded complaint rule states that federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . ." *Franchise Tax Bd.*, 463 U.S. at 10 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)); *see also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321 (5th Cir. 2008) (quoting the same).  On the other hand, a "plaintiff may not defeat removal by omitting to plead necessary federal questions." *Franchise Tax Bd.*, 463 U.S. at 22.  If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the complaint. *Id*.  In other words, removal is proper when a "plaintiff inadvertently, mistakenly or fraudulently may have concealed a federal question that would necessarily have appeared if the complaint had been well pleaded." *City of Galveston v. Int'l Org. of Masters, Mates & Pilot*, 338 F.Supp. 907, 909 (S.D.Tex.1972).

Here, Defendant removed the case under 28 § U.S.C. 1331, alleging that Plaintiff's suit involves a federal question, *i.e.*, claims under RESPA.  Plaintiff argues that since there is no federal question in any of his causes of action, the case should be remanded.   The resolution of this issue requires two separate determinations.

**A.   Basurto's Petition does not establish that federal law created a cause of action**

A federal question exists in cases where a well-pleaded complaint establishes that federal law creates a cause of action. *Franchise Tax Bd.,* 463 U.S. at 27–28.  Basurto's two allusions to RESPA do not definitively establish that federal law creates a cause of action.

Mere reference to federal statutes in a petition does not automatically create federal question jurisdiction. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986);

*Franchise Tax Bd.*, 436 U.S. at 27–28; *Sarmiento v. Texas Bd. of Veterinary Med. Exam'rs by and Through Avery*, 939 F.2d 1242, 1245–46 (5th Cir. 1991). In *Merrell Dow*, the Supreme Court held that a federal question was not present merely because the plaintiffs referenced a federal standard in a state law claim. *Merrell Dow Pharm. Inc.*, 478 U.S. at 806. In *Merrell*, the plaintiffs asserted causes of action for negligence, breach of warranty, strict liability, and fraud. *Id.* at 805. In their negligence cause of action, plaintiffs alleged that a drug was "misbranded," in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"). The Supreme Court held that this reference to federal law did not create a federal question because "the vindication of a right under state law did not necessarily turn on some construction of federal law." *Merrell Dow Pharm. Inc.*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd.*, 463 U.S. at 9). Furthermore, in *Sarmiento*, the Fifth Circuit held that allegations of civil rights violations, without any "colorable basis for the assertion of federal question jurisdiction," are insufficient to create federal question jurisdiction. *Sarmiento*, 939 F.2d at 1245–46 (5th Cir. 1991).

Here, the vindication of Basurto's rights under state law does not turn on a construction of RESPA. Like *Sarmiento* and *Merrell Dow*, the causes of action in this case are based on state law and can be resolved independently of any reference to or reliance on federal law.

**B. Basurto's right to relief does not depend on the resolution of a substantial federal question**

A federal question exists when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.,* 463 U.S. at 27–28. Here, the request for an accounting does not establish a right to relief; instead, it is the relief sought.

In *Smith v. Kansas City Title & Trust Co.,* the Supreme Court upheld federal jurisdiction where a shareholder sought to enjoin a corporation from purchasing bonds issued by federal land

banks under the authority of the Federal Farm Loan Act, on the ground that the federal statute that authorized the issuance of the bonds was unconstitutional. *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 202 (1921). The Court stated that "[t]he general rule is that where it appears . . . that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision." *Id.* at 199.

In contrast, this case does not pose a federal question, because Basurto does not allege that federal law creates the causes of action he asserts. The accounting remedy is insufficient to establish a federal question. Allowing the remedy to constitute the federal question would "allow a federal tail to wag the state dog." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001).

Ultimately, removal jurisdiction is strictly construed, because it implicates important federalism concerns. *Bosky v. Kroger Tex., LP,* 288 F.3d 208, 211 (5th Cir. 2002). Doubts are to be resolved against removal. *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir. 2000). Basurto's allusions to RESPA were unnecessary and do not constitute the assertions of claims under it. Thus, Plaintiff's motion to remand is proper.

## COSTS

Plaintiff requests that the Court award him the costs and expenses he incurred in responding to Defendant's Notice of Removal, which he claims was a "baseless allegation[]." The Court disagrees. Although the Court agrees that the case should be remanded, Defendant's position was neither frivolous nor unjustified, but was instead prompted by Plaintiff's references in his petition to a federal statute.

## CONCLUSION

Accordingly, this suit is **REMANDED** to the County Court at Law No. 3 of Dallas County, Texas.  Plaintiff's request for costs and expenses is **DENIED**.

**SO ORDERED.**

November 28, 2011.

                                                  BARBARA M. G. LYNN
                                                  UNITED STATES DISTRICT JUDGE
                                                  NORTHERN DISTRICT OF TEXAS